Next case on our call is agenda number 8, People of the State of Illinois v. Joseph C. Rothe. Counsel for the appellant, are you prepared to speak? Good morning, may it please the court. Counsel, I'm King Kaur and I represent Joseph Rothe. I'll begin with a question that is at the center of this case, and that is, what is a pipe wrench, a bludgeon or weapon of like character under the armed violence statute, but not a BB gun pistol or tin snips such as in the Legon and Hernandez case? And the answer to that question begins with the dictionary. The dictionary has a simple definition of a bludgeon, a short stick or club with one end that is thicker and heavier. And a simple example illustrates this even more. And we can imagine a table. The BB gun is at one end, the tin snips are at the other, and the pipe wrench is at the other end of the table. And the question is, which of these three most closely resemble the definition of a bludgeon? And the answer should be obvious because a pipe wrench is short, it can be held like a club or a stick, and the head is undeniably heavier and thicker. But according to the state, none of this matters because the state reads Category 3 to me that any weapon that also might have a legitimate use cannot be a Category 3 weapon. So for the pipe wrench, which might be used to do plumbing by day and be a weapon by night, that cannot be a Category 3 weapon according to the state. But that doesn't add up for a number of reasons. First, that interpretation is completely contrary to the position that the state has taken in prosecuting armed violence cases for over 40 years. And to accept the state's position here would mean that for all those who have been convicted of armed violence for using a weapon that may also have a legitimate purpose, they've all been wrongfully convicted. But what's more is that the state's position actually weakens the armed violence statute. It certainly would mean there are far fewer weapons that would be covered by the statute. And it would also mean that prosecutors' ability to bring armed violence cases in the way they have for over 40 years would be diminished. And here that brings this question. Is the purpose of Category 3 to protect the public from a list of century-old weapons that almost no one has heard of? Slingshot, sand club, sand bag? Or is the purpose to protect the public from weapons that might be used today to be sure that do have a like character to the list in Category 3, but also may have a legitimate purpose? Counsel, let me ask you a question. Does the word weapon have a legitimate role in whatever the implement is that's used to commit the act? Because, you know, a wrench is not a weapon. And whether these other things, slingshot, blackjacks, and whether they're ancient weapons or current weapons, they're still weapons. And so does the definition that includes the word weapon make a difference? It does in this sense, Your Honor, and this is where the courts have recognized that you have to distinguish between different types of weapons. There are the per se weapons, that is, the weapons that are on the list. You might call these the weapons that are inherently dangerous, that is, they have no conceivable legitimate purpose. But then there are also the weapons, and this is the whole case that we cite in our opening brief and in our reply. And a number, there's a long line of cases that go all the way up to over 40 years old, that recognize that an object that can cause harm is every bit as much of a weapon, and that is what the statute means by... Well, where do we draw the line? If someone can whack you on the head with their cell phone and cause damage, is that a weapon? No, because that goes back to my example of the table, because you have to look at two things. What's on the list? There's seven things, category three. Then you have to look at, is it of light character? That is, does it fit the definition of a pipe wrench? I mean, it's hard to say that a pipe wrench doesn't fit the definition of the dictionary. So the fact that it might be used for plumbing doesn't take away its destructive power as a weapon, and this is what the state has done for 40 years in cases and still does today. They've charged baseball bats. They have legitimate purposes. Tire objects and the like. That's been the state's position. And if you take this view that it's only things that are never used as anything other than weapons, you ignore the fact that an object that might have a legitimate purpose that is used as a... That's the two parts. Used as a weapon, but is also of light character. That is how... I'm still struggling with who makes that determination and where do we draw the line? You draw the line by looking at whether it's of light character. That is, it's like one of these seven, which... And what does that mean? Like one of the... What does that mean? I mean, I would say it doesn't fit the definition, the dictionary definition. That means, in the case... The bludgeon is probably the most open-ended definition, you know. Short, thick, and heavy, or heavier, or thicker. And, I mean, that can mean a lot of things, but that is certainly... That certainly meets the definition of light character. But in terms of how do you draw the line, you ask these two questions. Is it of light character? And, you know, even for Article 2, you've got the same language. I mean, for Category 3, you have the same language. And then the decision that's got to be made is how close is it? In Vigan and Hernandez, they were not close enough because they didn't share the same qualities as a bludgeon. They didn't have the big head, which makes a bludgeon more destructive. Or, you know, the power. That's why it is historically... And these are all, like, ancient weapons that we're describing here. And to narrow the definitions, like, you can only... You can only be prosecuted for these if it's strictly one of these weapons and it has no other use. And that really is contrary to how the state has prosecuted these cases for 40 years. And again, I mean, those people who have been convicted for using something like a tire iron or a baseball bat, they've been wrongfully convicted. And it really does undermine the statute. But just getting back to how you draw the line, there's... It's... You take those two steps. And that's how you determine whether it fits the definition. Otherwise, you're just left with, here's these seven things and they're really not weapons that are... I mean, they're really not recognizable today. And the state has not treated them that way. It treated it that way. Counsel, is that the beginning and the end of the story if we determine that the pipe wrench is a bludgeon case over? No, because if it's... It has to have been used as a weapon. The pipe wrench is used as a weapon and there's been a predicate felony that goes with that. And that's how the state has used... That's how the state has charged baseball bats as category three weapons. And that's... The state has had no problem. And the same thing goes with category two. Again, I go back to that Hall case. Category two says only knives that are greater than three inches tall. Defendants argue, well, you didn't prove my knife was over three inches, therefore it's not a per se dangerous weapon. But the courts have no problem saying, you've got to read the statute to recognize what of like character means. It must mean something more than you just look at the list. That's the catch-all point. So the court has recognized that in that kind of situation, the two-inch knife or whatever the blade is, it's not on the list. It's not per se dangerous. It's not a per se weapon. But it is of like character. And that is the same idea when we get to category three, is that a lot of these weapons here are ones that are fairly uncommon now in the 21st century. But when you look at the legend, I think it's undeniable. It fits the definition in the dictionary. And it was used to cause real harm to someone. So the law cannot be interpreted in the way where someone is hit with a generic bludgeon, whatever that is. You can't go to the store and buy a bludgeon. And the person that uses the – and that person could be prosecuted under the armed violence statute. But the same person who uses – the same defendant who uses a baseball bat or a pipe wrench, in that case, they don't – they can't be prosecuted. That doesn't – that undermines the whole workings of armed violence. And I really would submit that it undermines its effectiveness as a tool of law enforcement. I'd also like to spend some time on the second issue that the state has raised, and that is that there are no identical elements between armed robbery and armed violence. In many ways, we're plowing ground that has been plowed going back 27 years with the Lewis case, then in 1996, in the Housechild case in 2007, and in the Clemens case in 2012. And in each case, the court found that there were identical elements between armed robbery and armed violence. And there were a number of arguments that were made in those cases that the court did not accept, that are similar to the ones that could be here, such as, well, the – one definition in the armed robbery statute is broader than the definition in armed violence, which is more specific and under the statute. The court has already tread that ground, and it's – this is not a situation where, as the state suggests, the court was committed – was erroneously decided, either Lewis or Housechild, or the court erroneously reaffirmed Housechild in Clemens. The court has looked at these before, and it's well established that to depart from stare decisis, you have to have special circumstances, and the state has really not shown any special circumstances to depart from stare decisis. And what's more, just this past April, in the Johansson case, this court used those three cases – Lewis, Housechild, Clemens – as a foil, like an example of where the court properly found identical elements in a case where there were actually not identical elements involving two different sex offenses which had identical elements. I mean, in this case, it's robbery and a dangerous weapon, and there are no additional elements. It's simply that there's been – the state has made arguments that really have not been accepted in the past, and they're revising them now. And the fact that – Counsel, is there any difference between the weapons category elements for armed violence and armed robbery, any at all, that you see? The difference is that the definition of dangerous weapon under the armed robbery statute is fairly open-ended. It's a common law definition. It has – it can be per se weapons. It can be weapons that are dangerous because of the way they're used and the like, whereas with Category 1, 2, and 3, we actually have an enumerated list of weapons in Category 1, which is what I would call concealed firearms, Category 2, which is other firearms plus things like knives and the like, and then Category 3, which is the blunt force. So those – that's how the definition of dangerous weapon is defined differently. But the important thing, I think, to remember here is that in the Johansson case, when the court was recognizing that Lewis Health Child Offendants correctly found identical elements, it added that the reason it did that was that it used different words. This is a pretty close paraphrase. It used different words to mean the same thing. And that's essentially what we have here, different words that mean the same thing, is that the key term, dangerous weapon. And the fact that those three cases involved Category 1 and Category 2, which in this case involves Category 3, that's really a distinction without any real difference. In Lewis Health Child and Clemens, the court in each case – the court has each time recognized that there's one definition here under the armed violence statute, and that one definition includes three categories. There's two categories, and then there's this third category, which really doesn't count as much. Category 3 is every bit a part of the same definition in the same statute. It's a fundamental tenet of statutory construction. You try to read the same – you don't read two different words or two different definitions in the same statute. And that's what you would have here. Counsel, is it your position that you cannot commit armed robbery with a dangerous weapon without at the same time committing armed violence predicated on robbery with a Category 3 weapon? Yes. Here's really, I think, the vital distinction here, is that if you fit the category, if you satisfy that, then you will have committed armed robbery as well. But what should not be confused, and there's potential for confusion here on this, and that is what you can't – and this is when we're talking about identical elements. What you can't – what you cannot do is what the court in Ligon in Hernandez pointed out, and that is you can't use the broader common law definition as a way to somehow shoehorn your way in to the Category 3 more specific definition of dangerous weapon. But that's not what we're – we're not suggesting that there – we're not relying upon the definition of armed robbery to come more broad. We're saying that look at the definition in the dictionary, and a pipe wrench fits that. It's hard to say it doesn't fit that. And was it used as a weapon? It most certainly was. So it fits the category. If it fits the category, then there are identical elements. And there's not one court that has said that even if you satisfy the Category 3 or the Category 2 or the Category 1, or in this case the Category 3, even then you wouldn't have identical elements. It's the idea is that – and this is where I think it's important to make that distinction. It's not a question of does that defeat identical elements. What it means is you can't shoehorn the common law definition into the Category 3 definition. I see my time is at an end. Are there any further questions? Thank you. Thank you very much, Counsel. Counsel for the athlete. Good morning. May it please the Court. Counsel, I'm Assistant Attorney General Josh Schneider on behalf of the people of the state of Illinois. And there's been a lot of discussion this morning about whether the object that Petitioner used to strike his victim was or was not a bludgeon. And ultimately, it is irrelevant to whether the elements of these two offenses as defined by statutes are identical. Under the Identical Elements Test, a greater penalty for one offense is disproportionate to the lesser penalty for another. If those two offenses as defined by statute have identical elements. And so whether these statutes have identical elements turns on the language of the statute defining those offenses. So here, the two offenses that we're comparing are armed robbery with a dangerous weapon other than a firearm and armed violence predicated on robbery with a Category 3 weapon. There's no question that both of those offenses have two elements. Both have a predicate offense element, which is the same. They're both robbery as a predicate offense. And then they both have a weapon category element. For armed robbery with a dangerous weapon other than a firearm, that weapon category element is a dangerous weapon other than a firearm. And for armed violence predicated on robbery with a Category 3 weapon, that weapon category element is a Category 3 weapon. So the question is, are those two weapon category elements identical? And they are not. A dangerous weapon other than a firearm under the armed robbery statute. A dangerous weapon uses the common law definition as this court held in Ligon. The dangerous weapon common law definition is anything that is, as the petitioner put it, a per se weapon. That is by its nature a weapon. As well as any object that, although not by its nature a weapon, is something that can be used as a weapon to inflict harm. Counsel, talking about Category 3 weapons, is the fact that the statute says, or a dangerous weapon of like character, does that leave open the fact that that's not a finite list of weapons? So why could a wrench not fit into the category of bludgeon like your opponent says? And it turns on the word weapon. So a weapon is something that by its nature is used in combat. So the list of blunt force weapons in the Category 3 statutory definition, there's a list of specified weapons, many of which are, to be sure, archaic. And then there's this catch-all category of other dangerous weapons of like character. And that means, as this court construed the term, again in Hernandez, that means things that by their nature are weapons. It does not include objects that are not by their nature weapons but can be used as weapons. And there's a statutory hook for this argument. It's not just that the court construed it that way. If we look at the definition of Category 2 weapons, the catch-all term for Category 2 weapons, which is they include a subset of firearms as well as specified stun weapons and bladed weapons, then the catch-all there is not, as it is for the Category 3 definition, other weapons of like character. It's other weapons or instruments of like character, indicating that it's not just things that are per se weapons but things that are not weapons but are used as weapons. And so that Category 2 definition encompasses non-per se weapons in the same way that the common law definition of dangerous weapon other than a firearm does under the armed robbery statute. And the easy way to think about whether something is a per se weapon or an object that is not a weapon but is used by a weapon is if you imagine going to a hardware store and you saw that they were selling this object. If your response would be, I can't believe they're selling weapons at this hardware store, then that's a weapon. So if you walk into a hardware store and they're selling swords, say, I can't believe they're selling swords at this hardware store. Those are weapons. If you walk into a hardware store and they're selling chain by the foot, your response would be, I can't believe they're selling weapons. But if I purchase three feet of chain and walk out of the store and start whipping people with it, that is a dangerous weapon under the common law definition of a dangerous weapon other than a firearm under the armed robbery statute because it is an object that, although not a per se weapon, I'm using as a weapon. It is not a weapon of like heritage to any of the blunt force instruments under the armed violence statute's Category 3 definition because it's not by its nature a weapon. It's an object that has other uses that I am using as a weapon. And so those are critical differences. But this court just a few months ago in Johansson provided a really easy and foolproof method of determining whether the statutory elements of two offenses are identical. And this was at paragraph 14 that Johansson demonstrated this approach, which is you simply ask, is it possible to commit one of these offenses but not the other? In other words, is it possible to satisfy the elements of one offense but not satisfy the elements of the other? Because if it is possible to do one but not the other, then their elements are necessarily not identical. And here it is, there are lots of ways that a person can commit armed robbery with a dangerous weapon other than a firearm without committing armed violence predicated on robbery with a Category 3 weapon. If I go out and I commit a robbery with a pair of tin snips, as in Hernandez, or a sword, or a taser, a crossbow, a bullwhip, a flamethrower, any of these weapons are dangerous weapons other than firearms under the armed robbery statute. None of those weapons are blunt force weapons under the Category 3 weapon definition. And so that's really the beginning and the end of the identical elements analysis because ultimately the defendant's particular conduct in a particular case is irrelevant to whether the statutory terms are identical. And that's really because of the nature of an identical elements challenge under the Proportionality Propellius Clause. It is a facial challenge. And facial challenges require that under all circumstances the statute be unconstitutional. That's why the approach taken in Johansson works so well because we're asking is there any circumstance where these are not identical? And if there is one circumstance where the elements don't apply the same to different conduct, then the elements are not the same. There is no such thing as an as-applied challenge. My conduct satisfied both statutes, and therefore the elements were identical as applied to my conduct. In Johansson, again, the court recognized, but it's recognized this for years. In Williams in 2015, in Espinoza in 1998, there is no such thing as an as-applied identical elements challenge. This is purely a question of statutory interpretation. Counsel, what about the argument that was made earlier that you can't just read the statute as just the Category 3? You'd have to read that all together. So if it would satisfy armed violence Category 2 and also satisfy, you know, Category 2 or Category 3 or 1, and also satisfy the circumstances of armed robbery with a weapon other than a firearm, that that's how we should read it and look at it. And would the elements then be identical? So I think the problem with that argument is that it doesn't really grapple with how the armed violence statute works. The armed violence statute, there is no sort of unified offense armed violence. Armed violence, the elements of that offense depends on which provisions you are operating under because armed violence has a predicate offense element, but that predicate offense element is not any felony, as this Court recognized in Clemens. When you actually apply the armed violence statute, you are selecting a particular predicate offense. And that's why armed robbery and armed violence, this Court explained in Clemens, could still have identical elements even though one of them sort of nominally said any felony, and the other one was limited only to robbery. And similarly, there are different armed violence offenses depending on the category of weapon that's used because depending on the category of weapon you use, there's a different penalty. And ultimately, that's what the identical elements test is concerned about because it's a test under the proportionate penalties clause. It's concerned with the penalty. So if we're thinking about what is the offense, we have to include the elements that determine what the penalty is for that offense. So armed violence predicated on robbery with a Category 1 weapon carries a different penalty than armed violence predicated on robbery with a Category 3 weapon. Those are simply different offenses. And so we have to be really careful when we are comparing the statutes under the identical elements test to make sure that we're comparing the relevant offenses as defined by statute. Counsel, let me ask this before, but why can't a pipe wrench be considered a bludgeon if its definition is, I think it said, short, blunt, heavy club that's thick at one end? Sure. So the definition of bludgeon is as a weapon. Yes. And a pipe wrench, although it can be used as a weapon, is not… Doesn't that sound like a pipe wrench? It's heavy and it's heavier at one end? But it's a club. It's a short, heavy club. And a club is a weapon, is a per se weapon. A wrench can be used as a club, right? But that doesn't mean that a wrench is a club. So let me be clear in your argument because I asked your opponent the same thing. As long as the implement that's committing the damage is not categorized as a weapon, as far as you're concerned, even if it's identical, it cannot be categorized under Category 3 as a weapon. Is that your argument? That is my argument. But I would note that ultimately it doesn't matter because even if, let's say that the defendant had gone to the store and bought a slung shot, there's no question that a slung shot is a Category 3 weapon. And a slung shot is also, because it is not a firearm, is a dangerous weapon other than a firearm. The elements of these two offenses are still not identical because the fact that defendants' particular conduct can be charged under two offenses does not mean that those two offenses have identical elements defined by statute. It simply means that there is some overlap between the two. But if overlap was all that was required to make two offenses identical, then we'd have a real problem because every lesser-included offense overlaps with the aggravated offense. And that doesn't mean that every aggravated offense violates the proportionate penalties clause because it punishes that conduct more harshly than the lesser-included offense. It's not overlap, it's identity of elements under the identical elements test. And so we've explained in our brief why a pipe wrench is not a Category 3 weapon. It is no different from the tin sniff that this Court held were not a Category 3 weapon in Hernandez. But it doesn't un-cultivate that. So if the defendant had used a blackjack instead of this pipe wrench, he would have been sentenced, he would have received a very different sentence, wouldn't he? No, Your Honor, because he wasn't charged with armed violence, he was charged with armed robbery. So the sentence would have been the same. If he'd been charged with armed violence, he would have gotten a Class 2 felony penalty. But he wasn't charged with armed violence, he was charged with armed robbery. And so the fact that the weapon he happened to use could have been charged as both armed robbery and armed violence, predicated on robbery with a Category 3 weapon, is simply irrelevant to the question of whether these two statutes define offenses with identical elements. Because, again, it's identity of elements, not that there is some overlap between the elements. And this Court explained this just, again, a few months ago in Johansson when the Court explained that we have these two offenses. It was aggravated criminal sexual abuse, which had an element of an act of contact, and predatory criminal sexual assault of a child, which had an element of sexual conduct. And the Court said, to be sure, there is some conduct that will satisfy both the act of contact element and the sexual conduct element. And that does not matter one whit under the identical elements test. Because the identical elements test is a facial challenge based on the statutory definitions of the elements. The defendant's particular conduct and case is simply irrelevant under that facial challenge analysis. And so for this Court to change course and say, we're now going to decide whether these statutes define essentially the same offense. Because, again, the identical elements test is addressing the problem where the General Assembly has enacted the same offense twice. But in the first time they enacted it, it provided one penalty. In the second time they enacted it, it provided a different penalty. And so because it's the same offense enacted two times, but carrying different penalties depending on which codification you cite, that violates the Proportionate Penalties Clause because one of those two penalties for the same offense must be disproportionate. But if the offenses aren't identical, then there's no Proportionate Penalties Clause problem under the identical elements test. I would note that even if the Court wanted to reverse course and say we're not going to entertain as applied identical elements challenges, the claim would still fail because a pipe wrench is not a – it's none of the enumerated or rather specified blunt force weapons in the Category 3 weapon definition. But it is also not a dangerous weapon of like character because it's not a weapon at all. It is simply an object. If you walk into the hardware store and you see that they're selling pipes, you would say, oh, my gosh, they're selling weapons or a pipe wrench. If, in fact, that's what he used. I would note the record's a little unclear as to what exactly the object was. But assuming for the sake of argument it's a pipe wrench, a pipe wrench is not a weapon in the way that a sword is. And for that reason, Petitioner's reliance on hull and filigree is really misplaced because those don't construe the Category 3 weapon definition with its catch-all term of other weapons of like character. Those construe the Category 2 weapon definition, which had the catch-all term of other weapons or instruments of like character. So, of course, under that definition, the enumerated bladed weapons included blades of longer than 3 inches, but the court would say a blade of less than 3 inches is still an instrument of like character to a knife of 3 inches. They're just different statutory definitions, and so they function differently. So if there are no further questions for those reasons and other reasons, and I would briefly ask that the court affirm the judgment of the appellate court. Thank you. Thank you very much. Counsel will now reply. Thank you. I'd like to return to the hardware store. And the visit to the hardware store really shows why the State's position doesn't add up. I'm in the aisle, the plumbing aisle, and I see the pipe wrench, the red pipe wrench. It's very clear that the victim in this case, the State, everybody referred to it as a big economy-sized pipe wrench. And the person there thinks, you know, I'm planning to commit some kind of robbery. I could use a bludgeon, whatever. I've got this thing that might be considered a bludgeon. But, you know, if I buy this pipe wrench, I can't be prosecuted for armed violence. Or maybe I'll use a baseball bat. We'll go to the Target store now because the State has indicated in its footnote that a baseball bat, conceded that a baseball bat may be a Category 3 bludgeon. Well, this has been the State's position for 40 years. They've prosecuted these types of cases for 40 years. And what the State is asking you to do now is really make a dramatic change in the law about what is or what is not a weapon. And that is really going to undermine the whole purpose of the armed violence statute. It has always been applied this way. And the idea that it's only this list or it can't have any legitimate purpose, a weapon, somebody who is hit by a baseball bat or by a pipe wrench, they're going to be said, yeah, it's a good thing. It also has an alternative use. That makes no sense at all. And that's why the State has always applied it in this way and to avoid that kind of circumstance, which can really produce very unjust and almost absurd results. As in this case where, Your Honor, where we mentioned the results here is that had he been, had he, had Mr. Rothy used the bludgeon, a blackjack or a similar weapon, he would have been resentenced. But because he used the pipe wrench, he's continuing to serve a life sentence. And this gets back to my colleague's comments about, well, this is really, even if it is a bludgeon, I think in terms of the definition, and it is, there's still not identical elements because, and this gets back to the, well, armed robbery has a broader definition. Armed violence has a more specific definition. They can't, they can't be identical elements for that reason. There's a lesser included offense. These are issues that have all been brought before this court before in Lewis, either Lewis, Houchard, or Clemens, and not been accepted. The issue is whether the elements are identical. Here we've got robbery and we've got a dangerous weapon. There is no additional element here. And the fact that, as the court said in Johansen, that different words are used to mean different things doesn't change that. And in the same way that even Article II, it refers to weapon or instrument. That's not an invitation to read Category 3 entirely differently from Category 3, Category 2 from Category 3. I mean, all that means is Category 2 refers to axes and hatches. Hatches, that doesn't mean that you get an entirely different meaning such that Category 2 weapons can have legitimate purposes, but Category 3 weapons cannot. But counsel, isn't it the legislature's job to write it more specifically if that's what they intended? That's exactly my point is that the test here, when you look at it, it doesn't say anything about excluding weapons. So where would we, using your argument, where would the line be drawn as what would constitute a bludgeon-like or a blackjack-like weapon? Any implement that you could use for something else, but if you can also use it as a bludgeon or a blackjack or something that can be used as brass knuckles, where would we draw the line? You draw the line. A lot of these other ones are very, very easy to find, brass knuckles or brass knuckles. A bludgeon is a different kind of weapon. It's a more broad definition, but it comes back to that fundamental we were just talking about, and that is... Well, not really. Hypothetically, if someone used metal in their hand and punched somebody, I would expect the lawyer to be here arguing, well, that's similar to brass knuckles. My question is where do we draw the line? There's no way to draw the line. You'd have to look at every object, every weapon as it comes in terms of the definition. But if it does look like it, in the case of brass knuckles, if somebody had a whole way, something that reinforced his fist, it sounds like that. But maybe it's some other type of thing that might be a legitimate use. Then you're really, again, undermining the purpose of the armed violence statute, which is really to protect the public from, yes, the seven, but also objects that are being used today that can cause just the same harm and are of light character. I'm not saying anything goes. I mean, that's why the tin snips and the BB gun and Ligon Hernandez were not. But when you have something that's that close, and that's in terms of drawing the line, is that close and is used as a weapon. That's where the Hall case is so important. It's not just limited to Category 2. And I also commend the court's attention to the filigree case that we cite, which are like book-ended. They're 40 years apart. But basically, they get back to the idea that you can't ignore how something is used. And the statute cannot be read so restrictively to say it doesn't matter how something was used. Something becomes a weapon. I'll put it another way. Something becomes a weapon because of how it is used. And if that weapon is of light character, you have to give those words meaning. Then it falls within the category. And we cannot have the law should never permit that you've got one category means yes to weapons with legitimate purposes and another that says no for the same definition and the same statute. And it just comes back to that's why the state has taken this position for 40 years. And now it's like, no, if it has a legitimate use, it doesn't fit. So for all those reasons, we ask that Mr. Brothy's armed robbery sentence be vacated and that he be re-sentenced. And the state and Mr. Brothy agree on this much, that the proper remedy here is to vacate the armed robbery sentence and re-sentence him under the armed robbery statute. Are there any other questions for the Court? I thank you. Thank you very much, Counsel. This case, Agenda No. 8, No. 129-906, People of the State of Illinois v. Joseph Roth will be taken under advisory. Thank you much, Counsel.